## BRYCE *v.* CLARK.

*(Common Pleas of New York City and County, General Term. January 4, 1892.)*

PRINCIPAL AND AGENT—RATIFICATION—EVIDENCE.

In an action on a contract for advertising, made with defendant's agent, whose authority was denied by defendant, it appeared that, while the contract was being performed, defendant received a statement of the amount due thereon up to date without notifying plaintiff to discontinue the advertisement. *Held*, that judgment was properly rendered against defendant for insertions of the advertisement made after the statement was rendered.

Appeal from sixth district court.

Action by Lloyd S. Bryce against Charles S. Clark. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*M. F. McGoldrick*, for appellant. *Alexander & Ash*, for respondent.

PER CURIAM. This action was brought to recover for advertising done for the Harvard Publishing Company upon an order signed, "Harvard Publishing Co. W. Campbell Phelan, Manager." It is always the duty of the plaintiff, claiming to have a contract with the defendant made through an agent, to inform himself whether the agent had the power to make the contract relied upon. In this case the testimony left that question in doubt, so that it was within the province of the court to determine whether there was such an agency or not. We do not think the evidence warrants us in disturbing its conclusion. But it further appears that the defendant and his manager received a statement of plaintiff's claim, which indicated that he thought a contract had been made with defendant. Under such circumstances it was his duty to immediately notify the plaintiff to discontinue the advertisement. Instead of this, it was allowed to appear in two subsequent numbers of the plaintiff's periodical, and the justice very properly rendered judgment for those two insertions; and the judgment will therefore be affirmed, with costs.